United States District Court
Northern District of Georgia

Shelton R. Thomas,
          Plaintiff,

          vs.

Andrea Thomas, et al.,
          Defendants,

Civil Action No. 1:08-CV-2795-CAP

Motion For Clarification

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 20 2017

JAMES N. HATTEN, Clerk

By: _____ Deputy Clerk

Plaintiff pro se hereby moves this Court for clarification as to the disposition of the above entitled action, in response to its November 1, 2017, Order [Doc. 196] that denied the Plaintiff's motion to reopen the action.

Because the November 1, 2017, Order is vague as to the present status of the action, i.e. was the order dispositive or non-dispositive? Plaintiff seek clarification from the Court.

In addition, for clarity purpose. The Plaintiff diligently filed a motion to reopen this action after his legal materials were return. In doing so, he did not believe an explanation was necessary and since the Defendants failed to serve him with their response or opposition, the Plaintiff was never given an opportunity to appropriately reply to any opposition.

Also, the Court appears to based it ruling on the erroneous notion that Thomas v. Owens, et al., 2011-CV-222 was finalized or resolved on March 17, 2014. It wasn't. Plaintiff had timely filed an appeal. See Thomas v. Owens, et al, A18A0444. That appeal was pending until October 18, 2017. Exhibit 1. Plaintiff had filed a notice and motion to withdraw the appeal because all his legal materials had been returned. See Exhibits 2 and 3, shortly after the Court of Appeals of Georgia had finally served him with a Notice of Docketing. Exhibit 4.

Plaintiff further contends that he was not the cause of any extraordinary delay, being that he diligently filed a motion to open his case when his legal material was returned. The record shows that the Defendants had agreed to the stay and had not objected or filed any other pleading thereafter contesting

or objecting to the length of the delay. The mere facts that the defendants no longer work for Fulton County nor do their original assign county attorneys, does not negate the facts nor make their unconstitutional conducts stale or would prejudice them, being that the facts haven't been compromise or diminish.

Wherefore, Plaintiff seek clarification as to how to interpret this Court's November 1, 2017, as being dispositive or non-dispositive for appeal purposes.

Respectfully Submitted this 12th day of _November_ 2017.

Shelton R. Thomas, GDC# 1000444546
Macon State Prison
P.O. Box 426
Oglethorpe, GA 31068
Plaintiff, pro se

Copy of the foregoing mailed
this 12th day of _Nov._ 2017, to:
Ashley J. Palmer
Fulton County Attorney Office
141 Pryor Street, S.W., Suite 4038
Atlanta, GA 30303

---

1/ All legal mail are logged by Macon State Prison ("MSP"), mailroom staffs and all inmates are require to sign in the log before receiving incoming legal mail. Thus, MSP mailroom log would verify that the Plaintiff did not receive any legal mail from the defendants' counsel after the order granting them an extension.

2.